McMillan *v.* Wood

---

### John McMillan *versus* Thomas Wood.

To a note of hand, made in the Province of New Brunswick, to the plaintiff, who has ever resided there, the maker, though living in this State for eleven years, cannot set up as a defence, our statute of limitations.

THIS was an action of assumpsit, commenced in February, 1846, by the plaintiff, who lived in the Province of New Brunswick, against the defendant, who had resided for the last ten or eleven years in this State. It was upon the following writing: — " Due John McMillan the sum of twenty-three pounds, ten shillings and five pence, as settled this day.

" Buctouche, Oct. 3, 1836.           Thomas Wood."

" £23, 10s. 5d."

All the other facts sufficiently appear in the opinion of the Court.

*D. T. Granger*, for plaintiff, cited 11 Pick. 36; 1 Gall. 342.

*J. C. Talbot, Jr.* for defendant, argued that the statute of limitations may rightfully be interposed as a good defence to the action. The plaintiff still resides out of the country, and the cases cited on the other side are where the party had been out of the country and returned. But where he resides out of the country the statute proviso cannot apply. U. S. Dig. 765.

That the statute of limitations of the country, where the action is brought, applies, appears from a fair construction of the language of this statute, which speaks of a *return* of the party.

WELLS, J. — The defendant sets up two grounds of defence. 1st. That the signature to the contract, in suit, is not his. 2d. That the action is barred by the statute of limitations.

The case is submitted to the Court, upon a statement of facts, and the depositions of Peter L. Smith and Hiram S. Favor, are made a part of the case.

Smith deposes, that in 1836, he saw the defendant write his name, and he believes the signature to the note to be that of the defendant.

Favor states, that in Oct. 1845, he received a note from the plaintiff's attorney, with a request to present it to the defendant. The defendant said he supposed it was settled, that he had left some property with his father to settle it, that the note was outlawed, but if it had not been settled, it ought to be, and that he would write his father about the matter. The deponent judges, from the appearance of the note in suit, that it is the same which he exhibited to the defendant, but is not willing to testify to its identity.

There is no testimony introduced by the defendant, tending to show, that he gave any other note to the plaintiff, and there is no reason to doubt, that it is the same one, exhibited to him, by Favor. He recognized the note as the one he had given. In the absence of other testimony, the conclusion is, that the signature to the contract is that of the defendant.

The contract was made in the Province of New Brunswick, and it does not appear that the plaintiff has ever resided in this State, but the defendant has for ten or eleven years. The latter has been amenable to our jurisdiction for a time, long enough to consummate the ordinary statute bar, if the former had also been within it. The R. S. c. 146, § 10, provides, that "if *any person*, entitled to bring any of the before mentioned actions, shall, at the time when the cause of action accrues, be within the age of twenty-one years, a married woman, insane, imprisoned, or without the limits of the United States, such person may bring the actions, within the times, in this chapter respectively limited, *after the disability shall be removed.*

It is contended that this section of the statute, does not apply to foreigners. But the expression is *any person*, not *any citizen.* The plaintiff is within the letter and spirit of the

law.  The disability, under which he labored, could not be removed, until he came within our jurisdiction.

The exception, in the English statute of the 21 Jac. 1, cap. 16, embraces any person, entitled to bring the action, who is, when the cause of action accrues, beyond the seas, and the limitation commences after such person has returned from beyond the seas.  The use of the word *returned*, in the proviso to this statute, indicates a departure from the country and coming back to it, and it might be contended, could not embrace those persons, who had never been within the country.  But the construction has been otherwise.  *Hall* v. *Little*, 14 Mass. 203 ; *Wilson* v. *Appleton*, 17 Mass. 180; *Bulger* v. *Roche*, 11 Pick. 36; *Chomqua* v. *Mason et al.* 1 Gal. 342.

But the phrase, in the 10th $ of our statute, "after the disability shall be removed," excludes all ambiguity from its construction.  The absence from the United States is the disability, and the return into the United States is the time, from which the limitation commences.  In the cases cited, of *Wilson* v. *Appleton* and *Chomqua* v. *Mason et al.*, it does not appear that the plaintiffs had ever been within the United States.  Like the plaintiff in this case, they were aliens.  The statute bar of the 10th section does not apply to them until they shall have come within "the limits of the United States."  *Von Hemert* v. *Porter*, 11 Metc. 210.

*The plaintiff is entitled to judgment.*